UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

TRAILER PARK ACQUISITION, LLC

    Debtor.
_____/

Case No. 11-31948-BKC-AJC
Chapter 11

TRAILER PARK ACQUISITION, LCC

    Plaintiff,

v.

BRANCH BANK & TRUST COMPANY,
a national bank, ZIVA DABACH, an
individual, SHARON BRANDT, an
individual and MICHAEL BRANDT, an
individual,

    Defendants.
_____/

Adversary Case No. 11-02728-AJC

**DEFENDANT, BRANCH BANKING AND TRUST COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S ADVERSARY COMPLAINT**

    Defendant, BRANCH BANKING AND TRUST COMPANY ("BB&T"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Adversary Complaint to Determine Extent, Validity and Priority of Lien and for Other Relief ("Complaint") filed by TRAILER PARK ACQUISITION, LLC ("Plaintiff"). In support, BB&T states as follows:

**ANSWER**

    To the extent Plaintiff alleges in the introductory paragraph of the Complaint that the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, *et seq*., affords Plaintiff a remedy that is

not available under applicable Florida law and/or the Bankruptcy Code, BB&T denies the allegation.

## The Parties, Jurisdiction and Venue

1. Paragraph 1 describes the relief sought by Plaintiff in this adversary proceeding and does not require a response by BB&T. To the extent a response is required, paragraph 1 is denied.

2. Paragraph 2 of the Complaint is admitted.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. BB&T is without sufficient knowledge to admit or deny the allegations in paragraph 5; therefore, they are denied.

6. BB&T is without sufficient knowledge to admit or deny the allegations in paragraph 6; therefore, they are denied.

7. BB&T is without sufficient knowledge to admit or deny the allegations in paragraph 7; therefore, they are denied.

8. Paragraph 8 is admitted for jurisdictional purposes only, except to the extent that Plaintiff purports to act as a creditor of Palm Lake Mobile Home Park, LLC ("Palm Lake") to assert state law claims, including, but not limited to, Plaintiff's claims asserted pursuant to Chapter 726, Florida Statutes. This Court lacks subject matter jurisdiction to determine such claims, which should be determined by a Florida court.

9. In response to paragraph 9 of the Complaint, BB&T denies that this is a core proceeding and admits that it is a non-core proceeding. BB&T consents to this Court entering all appropriate final orders and judgments in this proceeding on matters over which the Court has

subject matter jurisdiction. BB&T denies that Plaintiff is entitled to a jury trial in this proceeding.

10. Paragraph 10 of the Complaint is admitted.

11. Paragraph 11 of the Complaint is denied.

### Facts Common To All Counts

12. In response to paragraph 12 of the Complaint, BB&T admits that Plaintiff became the owner of a multi-acre mobile home park with numerous mobile homes located at 7600 N.W. 27th Avenue in Miami-Dade County, Florida (the "Mobile Home Park"), but BB&T is without sufficient knowledge to admit or deny the remaining allegations in paragraph 12; therefore, they are denied.

13. In response to paragraph 13 of the Complaint, BB&T admits that Plaintiff obtained a Sheriff's Deed of the Mobile Home Park in consideration for its $200.00 bid at a sheriff's execution sale held in Miami-Dade County, Florida on January 5, 2011. BB&T also admits that the Sheriff's Deed purported to divest Palm Lake of ownership of the Mobile Home Park. BB&T is without sufficient knowledge to admit or deny the remaining allegations of paragraph 13; therefore, they are denied.

14. In response to paragraph 14 of the Complaint, BB&T admits that the Mobile Home Park is encumbered by that certain Mortgage and Security Agreement dated as of April 15, 2003 from Palm Lake in favor of Commercial Bank ("Commercial"), which was recorded in Official Records Book 21182, at Page 4791, of the Public Records of Miami-Dade County, Florida, as succeeded to by BB&T (the "Original Palm Lake Mortgage"), which Original Palm Lake Mortgage was later modified by way of that certain Mortgage Modification, Extension and Future Advance Agreement dated October 27, 2004, from Palm Lake in favor of Commercial, as

succeeded to by BB&T, recorded in Official Records Book 22786, at Page 865, of the Public Records of Miami-Dade County, Florida ("Palm Lake Mortgage Modification"), which modified the Original Palm Lake Mortgage. The Original Palm Lake Mortgage, as amended, was later modified by way of that certain Mortgage Modification, Cross-Default, Cross-Collateralization and Spreader Agreement dated as of April 15, 2010, from Palm Lake in favor of BB&T, being recorded at Book 27267, Page 779 of the Public Records of Miami-Dade County, Florida (collectively, the "Mortgage Modification"). The Original Palm Lake Mortgage, as modified by the Palm Lake Mortgage Modification and the Mortgage Modification, is hereinafter referred to as the "Palm Lake Mortgage". The documents referred to in paragraph 14 speak for themselves. All remaining allegations in paragraph 14 are denied.

15. In response to paragraph 15 of the Complaint, BB&T asserts that the documents defined in the Complaint as the BB&T Loan Documents speak for themselves. The remaining allegations call for legal conclusions and are denied.

16. In response to paragraph 16 of the Complaint, BB&T admits that the amounts due, owing and unpaid to BB&T under the obligations secured by the Mortgage Modification are in excess of $11 million and denies the remaining allegations in paragraph 16.

17. The allegations in paragraph 17 call for legal conclusions and are denied by BB&T.

18. BB&T denies the allegations in paragraph 18 of the Complaint to the extent they imply wrongdoing or illegal acts by BB&T. The closing statements attached as Composite Exhibit 3 to the Complaint speak for themselves. BB&T is without sufficient knowledge to admit or deny the remaining allegations; therefore, they are denied.

19. BB&T is without knowledge to admit or deny the allegations in paragraph 19 of

the Complaint; therefore, they are denied.

20. Paragraph 20 of the Complaint is denied.

**Count I: Avoidance and Recovery of Fraudulent Transfers Against Defendant BB&T**

21. In response to the allegations in paragraph 21 of the Complaint, BB&T restates and incorporates its answers to paragraphs 1 through 20 as set forth above.

22. BB&T denies that there is a factual or legal basis for any relief alleged in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint is denied.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

28. Paragraph 28 of the Complaint is denied.

29. Paragraph 29 of the Complaint is denied. Plaintiff did not exist at the time of the alleged transfers.

30. Paragraph 30 of the Complaint is denied.

31. Paragraph 31 of the Complaint is denied.

32. Paragraph 32 of the Complaint is denied.

WHEREFORE, BB&T requests that the Court enter judgment in its favor and against Plaintiff for Count 1.

**Count II: Indemnity/Contribution Against Defendants Dabach, S. Brandt and M. Brandt**

33. In response to the allegations in paragraph 33 of the Complaint, BB&T restates and incorporates its answers to paragraphs 1 through 20 as set forth above.

34. The allegations in paragraph 34 of the Complaint are not directed to BB&T and, therefore, do not require a response from BB&T. To the extent a response is required, paragraph 34 is denied.

35. The allegations in paragraph 35 of the Complaint are not directed to BB&T and, therefore, do not require a response from BB&T. To the extent a response is required, paragraph 35 is denied.

36. The allegations in paragraph 36 of the Complaint are not directed to BB&T and, therefore, do not require a response from BB&T. To the extent a response is required, BB&T admits that Defendants, Ziva Dabach, Sharon Brandt, and Michael Brandt executed and delivered to BB&T certain guaranties and reaffirmation of guaranties regarding certain principal indebtedness owed to BB&T. The guaranties and reaffirmation of guaranties speak for themselves. All remaining allegations are denied by BB&T.

37. The allegations in paragraph 37 of the Complaint are not directed to BB&T and, therefore, do not require a response from BB&T. To the extent a response is required, paragraph 37 is denied.

38. The allegations in paragraph 38 of the Complaint are not directed to BB&T and, therefore, do not require a response from BB&T. To the extent a response is required, paragraph 38 is denied.

### Count III: Marshaling of Assets Against BB&T, Dabach and S. Brandt

39. In response to paragraph 39 of the Complaint, pursuant to which Plaintiff re-alleges paragraphs 1 through 38 of the Complaint, BB&T restates and incorporates its answers to paragraphs 1 through 38 as set forth above.

40. In response to paragraph 40 of the Complaint, BB&T denies that there is a legal

or factual basis for marshaling of assets.

41. In response to paragraph 41 of the Complaint, BB&T admits that it claims to be a secured creditor of the Mobile Home Park. BB&T denies that Plaintiff may assert the status of a hypothetical judgment lien creditor to seek marshaling of assets.

42. Paragraph 42 of the Complaint is denied.

43. In response to paragraph 43 of the Complaint, BB&T admits that it holds a cross-collateralized first mortgage on the Mobile Home Park, but denies the remaining allegations of paragraph 43.

44. Paragraph 44 of the Complaint is denied.

WHEREFORE, BB&T requests that the Court enter judgment in its favor and against Plaintiff for Count 3.

### Count IV: Determination of the Extent, Validity and Priority of Liens and Other Interests of BB&T in Property of the Estate

45. In response to paragraph 45 of the Complaint, pursuant to which Plaintiff re-alleges paragraphs 1 through 44 of the Complaint, BB&T restates and incorporates its answers to paragraphs 1 through 44 as set forth above.

46. The allegations in paragraph 46 of the Complaint assert the relief sought by Plaintiff and do not require a response by BB&T. To the extent a response is required, paragraph 46 is denied.

47. In response to paragraph 47 of the Complaint, BB&T admits that it holds a first mortgage on and secured interests in the Mobile Home Park and related personalty, and that Plaintiff asserts that such property is property of its bankruptcy estate.

48. Paragraph 48 of the Complaint is denied.

49. Paragraph 49 of the Complaint does not require a response from BB&T; however,

to the extent a response is required, paragraph 49 is denied.

WHEREFORE, BB&T requests that the Court enter judgment in its favor and against Plaintiff for Count 4.

### Count V: Objection to BB&T's Secured Claim

50. In response to paragraph 50 of the Complaint, pursuant to which Plaintiff re-alleges paragraphs 1 through 49 of the Complaint, BB&T restates and incorporates its answers to paragraphs 1 through 49 as set forth above.

51. In response to paragraph 51 of the Complaint, BB&T admits that it holds a first mortgage on and secured interests in the Mobile Home Park and related personalty

52. Paragraph 52 of the Complaint is denied.

WHEREFORE, BB&T requests that the Court enter judgment in its favor and against Plaintiff for Count 5.

53. BB&T hereby specifically denies each and every allegation contained in the Complaint which has not been specifically admitted above.

### BB&T'S DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff does not have derivative standing to assert its fraudulent transfer claims against BB&T because it cannot satisfy the constitutional requirements for standing under Article III of the United States Constitution. Neither Plaintiff, its bankruptcy estate, nor creditors of the bankruptcy estate suffered any actual or threatened injury as a result of the allegations against BB&T.

3. Plaintiff does not have standing to assert fraudulent transfer claims that belong to specific creditors of Plaintiff's bankruptcy estate.

4. Plaintiff does not have derivative standing to assert a cause of action for fraudulent transfer because it cannot satisfy prudential limitations on standing.

5. Plaintiff lacks standing to assert state law claims (including, but not limited to, Plaintiff's claims asserted pursuant to Chapter 726, Florida Statutes) against BB&T to the extent that Plaintiff purports to act as a creditor of Palm Lake.

6. This Court lacks subject matter jurisdiction to determine state law claims asserted by Plaintiff based on its purported status as a creditor of Palm Lake. By definition, such claims fail to state a claim upon which relief may be granted to Plaintiff.

7. Plaintiff cannot assert fraudulent transfer claims against BB&T under 11 U.S.C. §§ 544(b) and 548 because the alleged transfer was not of an interest of the Plaintiff in property or any obligation incurred by the Plaintiff. Plaintiff did not exist at the time of the transfer between Palm Lake and BB&T.

8. Plaintiff cannot assert an avoidance claim against BB&T pursuant to 11 U.S.C. § 544(b) because there is no unsecured creditor who holds an allowable unsecured claim under 11 U.S.C. § 502 and who could avoid the alleged transfer under Fla. Stat. §§ 726.105(1)(a) and (b) and 726.106(1).

9. Plaintiff does not have standing to assert claims of lack of consideration against BB&T because, as a purchaser who takes title to property subject to a prior recorded mortgage without assuming any personal liability for repayment of the underlying debt, Plaintiff is estopped from contesting the validity of the Palm Lake Mortgage.

10. Plaintiff does not have standing to request reformation of the Palm Lake Mortgage.

11. Plaintiff does not have standing to challenge the corporate authority of Palm

Lake.

12. Plaintiff's status under 11 U.S.C. § 544(a) does not qualify it to avoid the transfer from Palm Lake to BB&T because the Palm Lake Mortgage was properly perfected prior to August 4, 2011.

13. Plaintiff cannot state a cause of action for marshaling because it cannot satisfy the common debtor requirement under applicable law.

14. Plaintiff cannot state a cause of action for marshaling because it does not have standing as a hypothetical judgment lien creditor under 11 U.S.C. § 544(a) to compel marshaling.

15. Plaintiff's claims are barred because BB&T provided reasonably equivalent value and adequate consideration for the Palm Lake Mortgage.

16. Plaintiff's claims are barred because the Palm Lake Mortgage was received by BB&T for value and in good faith.

17. Plaintiff's claims are barred because its creditors did not suffer any detriment in connection with the transfer of the Palm Lake Mortgage.

18. Plaintiff's claims are barred because Plaintiff and Palm Lake were not insolvent at the time of the transfer of the Palm Lake Mortgage and were not otherwise rendered insolvent as a result of the transfer of the Palm Lake Mortgage.

19. Upon information and belief, Palm Lake did not intend to hinder, delay and/or defraud its creditors.

20. Plaintiff's claims are barred by the doctrines of ratification, waiver and estoppel. During all relevant times, Plaintiff had full knowledge of the Palm Lake Mortgage.

21. Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff's bankruptcy case was filed in bad faith as a litigation tactic to strong-arm BB&T concerning the

Palm Lake Mortgage. Consequently, Plaintiff cannot rely on the strong arm provisions of the Bankruptcy Code to expand its frivolous claims against BB&T.

22. Plaintiff's claims are barred by the doctrine of laches. Plaintiff did not take possession of the Mobile Home Park for seven months after taking title to it. Consequently, Plaintiff cannot assert any claims based on any alleged injury suffered by virtue of Plaintiff's delay.

23. If the Mortgage Modification is defective because of the lack of authority of Ziva Dabach to bind Palm Lake, BB&T has an equitable lien on the Mobile Home Park coextensive with the grant contained in the Mortgage Modification. The equitable lien was recorded before August 4, 2011; therefore, it is not avoidable under 11 U.S.C. § 544.

24. Plaintiff did not have creditors as of the date of the Mortgage Modification; therefore, as a matter of law, the interest transferred to BB&T under the Mortgage Modification was not transferred with intent to hinder, delay and defraud creditors of Plaintiff.

25. The Mortgage Modification was given with unanimous or sufficient consent of the members of Palm Lake; therefore, the requisite authority existed for Palm Lake to execute the Mortgage Modification.

26. Plaintiff, as a purchaser of the Mobile Home Park with notice of the prior recorded Mortgage Modification, does not have standing to contest and is estopped from contesting the validity of the Mortgage Modification based on lack of adequate consideration.

27. BB&T intends to rely on defenses that may become available or apparent during the course of discovery in this proceeding. BB&T expressly reserves the right to amend its Answer, to assert different or additional defenses, or to otherwise amend any of its denials or averments.

Dated: December 2, 2011

      I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                Respectfully submitted,

                                /s/ James W. Carpenter
                                JAMES W. CARPENTER, ESQ.
                                Fla. Bar No.: 654256
                                Email: jwc@angelolaw.com
                                ANGELO & BANTA, P.A.
                                Attorneys for BB&T
                                515 East Las Olas Blvd., Ste. 850
                                Fort Lauderdale, FL 33301
                                Tel:    954-766-9930
                                Fax:    954-766-9937

                                /s/ Thomas R. Lehman, Esq.
                                Thomas R. Lehman, Esq.
                                Florida Bar No. 351318
                                Email:  trl@lkllaw.com
                                Jennifar M. Hil, Esq.
                                Florida Bar No. 014382
                                Email: jmh@lkllaw.com
                                LEVINE KELLOGG LEHMAN
                                SCHNEIDER + GROSSMAN LLP
                                Attorneys for BB&T
                                201 S. Biscayne Blvd.
                                Miami Center, 34th Floor
                                Miami, Florida 33131-4301
                                Tel:    305-403-8788
                                Fax:    305-403-8789

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served on December 2, 2011 via the Court's CM/ECF filing system to:

- David Cimo, Esq., counsel for Plaintiff, at dcimo@gjb-law.com
- James Miller, Esq., counsel for Plaintiff, at bkcmiami@gmail.com
- Michael L Schuster, Esq., counsel for Plaintiff, at mschuster@gjb-law.com
- Paul J. Battista, Esq., counsel for Plaintiff, at pbattista@gjb-law.com
- Peter D Spindel, Esq., counsel for Defendant Ziva Dabach, at peterspindel@gmail.com
- Paul L. Orshan, Esq., counsel for Defendants Sharon and Michael Brandt, at plorshan@orshanpa.com

/s/ Thomas R. Lehman
Thomas R. Lehman