

**ORDERED in the Southern District of Florida on July 25, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re                                                                                                  Case No. 11-31948-BKC-AJC
                                                                                                       Chapter 11
TRAILER PARK ACQUISITION, LLC

      Debtor.
_____/

TRAILER PARK ACQUISITON, LLC                                          Adv. No. 11-2728-BKC-AJC-A

      Plaintiff,

v.

BRANCH BANKING & TRUST COMPANY,
a National Bank, ZIVA DABACH, an individual,
SHARON BRANDT, an individual, and
MICHAEL BRANDT, an individual,

      Defendants.
_____/

**MEMORANDUM DECISION ON CORPORATE AUTHORITY**

1

This matter came before the Court at a hearing[1] on February 23, 2012 on the following cross-motions for partial summary judgment, responses and replies filed by Plaintiff, Trailer Park Acquisition, LLC ("Debtor") and Defendant, Branch Banking & Trust Company ("BB&T") concerning Count IV (Determination of Extent, Validity and Priority of BB&T's Liens and Other Interests) and Count V (Objection to BB&T's Secured Claim) of the Debtor's Complaint [ECF No. 1] (the "Complaint") and the defenses of standing and ratification asserted by BB&T in its Answer and Affirmative Defenses To Plaintiff's Adversary Complaint [ECF No. 27]: (1) Debtor's Motion for Partial Summary Judgment as to Counts IV and V of the Debtor's Complaint to Determine Extent, Validity, and Priority of Lien [ECF No. 30]; (2) BB&T's Motion for Partial Summary Judgment and Supporting Memorandum of Law as to the Authority of Ziva Dabach and Response to Debtor's Motion for Summary Judgment as to Counts IV and V of the Adversary Complaint [ECF No. 46]; (3) BB&T's Supplemental Response and Memorandum of Law in Opposition to Debtor's Motion for Partial Summary Judgment as to Counts IV and V of the Debtor's Complaint to Determine Extent, Validity and Priority of Lien [ECF No. 76]; (4) Debtor's Omnibus Response to BB&T's Motions for Summary Judgment (as to ECF No. 46) [ECF No. 77]; (5) BB&T Reply to Debtor's Omnibus Response to BB&T's Motions for Summary Judgment [ECF No. 77] [ECF No. 80];  and (6) Debtor's Reply to

---

[1] At the February 23, 2012 hearing, the Court also considered the following motions and responses filed in this Adversary Proceeding and which will be addressed in separate orders of the Court: (1) BB&T's Motion for Partial Summary Final Judgment on Debtor's Avoidance Actions Under 11 U.S.C. §§ 548 and 544(b) and Chapter 726, Florida Statutes (Counts I, IV and V) [ECF No. 33]; (2) BB&T's Motion for Partial Summary Final Judgment on Debtor's Claim for Marshaling of Assets (Count III) [ECF No. 38]; (3) Debtor's Omnibus Response to BB&T's Motions for Summary Judgment (as to ECF Nos. 33 and 38) [ECF No. 77]; (4) BB&T's Motion to Alter, Amend or Clarify This Court's January 18, 2012 Order Granting Motion to Dismiss Counts II and III [ECF Nos. 49 and 50] [ECF No. 69]; and (5) Debtor's Response to BB&T's Motion to Alter, Amend or Clarify This Court's January 18, 2012 Order Granting Motion to Dismiss [ECF No. 83].

BB&T's Supplemental Response to Debtor's Motion for Partial Summary Judgment as to Counts IV and V of the Debtor's Complaint [ECF No. 81].

At the hearing, the Debtor and BB&T agreed that the only legal issue presented by their cross-motions for summary judgment on Counts IV and V is the enforceability of the *Forbearance and Loan Modification Agreement* ("Forbearance Agreement") and the *Mortgage Modification Cross-Default Cross-Collateralization and Spreader Agreement* ("Mortgage Modification"), both of which were entered into by BB&T and Palm Lake Mobile Home Park, LLC ("Palm Lake"), the predecessor-in-title of the Debtor's property located at 7600 N.W. 27th Avenue in Miami, Florida (the "Palm Lake Mobile Home Park"). [ECF No. 46, Exs. 11 and 13.]

The Court has considered the arguments of counsel at the hearing, the records of this adversary proceeding and the above-captioned bankruptcy case (the "Bankruptcy Case"), and the documents, and transcripts of witness depositions and trial testimony from a contested matter tried before this Court in the Bankruptcy Case and filed in the adversary proceeding.

### I. Arguments Of The Parties

The Debtor argues that the Forbearance Agreement and Mortgage Modification are unenforceable against the Debtor because they were signed only by Ziva Dabach, which is inconsistent with section 5 of the Palm Lake Agreement because section 5 requires two signatures on behalf of Palm Lake for the entity to take a loan or grant a lien on its property. Pursuant to Counts IV and V of the Complaint, the Debtor requests the Court to enter a judgment determining that the Mortgage Modification is not enforceable against the Debtor and that BB&T's lien against the Debtor's Palm Lake Mobile Home Park is not cross-collateralized under the Mortgage Modification. The Debtor requests the Court to enter a judgment determining that the Palm Lake Mobile Home Park only serves as collateral for BB&T's loan to Palm Lake, which is for the principal amount of $2,032,260.30 plus interest and other charges that may be

3

allowed under 11 U.S.C. § 506, rather than BB&T's cross-defaulted loans to Palm Lake *and* the Palm Lake Affiliates, which loans have a cumulative principal amount in excess of $11 million.

BB&T argues that summary judgment should be entered dismissing Counts IV and V with prejudice as a matter of law, because the Debtor does not have a cognizable claim against BB&T based on its challenge to Palm Lake's authority to contract with BB&T, and because Palm Lake's members, managers and authorized signatories ratified Palm Lake's conduct in entering into the Forbearance Agreement and Mortgage Modification.  BB&T further asserts that the Debtor cannot challenge the alleged *ultra vires* conduct of Palm Lake under the Palm Lake Agreement.

## II. Discussion

Notwithstanding that it took title to the Palm Lake Mobile Home Park with actual or constructive knowledge of the recorded Mortgage Modification, pursuant to Counts IV and V of the Complaint, the Debtor claims that the Forbearance Agreement and the Mortgage Modification should have no force and effect on the Debtor and its Bankruptcy Case based on the inconsistency between Section 5 of the Palm Lake Agreement, which requires two signatures to bind Palm Lake, and the signature blocks of the Forbearance Agreement and the recorded Mortgage Modification, which only contain one signature on behalf of Palm Lake. The Debtor relies entirely on 11 U.S.C. §§ 502, 506(d) and 544(a)(1) to allege that this Court has authority to invalidate the Mortgage Modification and Forbearance Agreement between BB&T and Palm Lake with respect to the Debtor as the result of Palm Lake's alleged violation of Chapter 608, Florida Statutes. [ECF No. 77 at 19-29.]

The case law cited by the Debtor indeed supports the argument that bankruptcy courts have authority under 11 U.S.C. §§ 502 and 506(d) to invalidate liens on property of a bankruptcy estate.  However, the case law is not persuasive under the facts herein with respect to this Court's

4

power or the Debtor's standing to seek to invalidate a lien granted by a non-debtor, prior owner of real property acquired by the Debtor with notice of such lien based on a challenge to the corporate authority of the prior owner.[2] Because the Mortgage Modification was recorded before the Debtor took title to the Palm Lake Mobile Home Park and before it commenced its Bankruptcy Case, the Debtor does not qualify as a hypothetical judicial lien creditor under 11 U.S.C. § 544(a)(1) or a *bona fide* purchaser under 11 U.S.C. § 544(a)(3) with standing to avoid the Mortgage Modification. *United States v. Smith (In re Hagendorfer),* 803 F.2d 647 (11th Cir. 1986) (concluding that "[s]ection 544 of the Bankruptcy Code, the "strong arm" clause, does not set aside the Trustee's duty, as a hypothetical judicial lien creditor, to examine the record of title); *In re Chateau Royale, Ltd.,* 6 B.R. 8, 10 (Bankr. N.D. Fla. 1980) ("[A] trustee must, as any other creditor, be charged with constructive notice in the case of a recorded instrument even though he is without actual notice or knowledge thereof."); *Kapila v. Gunn (In re Gunn),* Adv. No. 04-2225-BKC-RBR-A, 2005 WL 2445909 at *4 (Bankr. S.D. Fla. Jan. 12, 2005).

Section 695.01(1), Florida Statutes, states, in relevant part, that:

> No . . . mortgage of real property, or of any interest therein . . . shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law . . .

---

[2]   *See In re 18th Ave. Dev. Corp.,* 5 B.R. 533, 536 (Bankr. S.D. Fla. 1980) (concluding that the bankruptcy court had jurisdiction to determine the validity of mechanics lien claims filed against the debtor's property, <u>while the debtor owned the property</u>, under Ch. 713, Fla. Stat.); *In re Johnson,* 2009 WL 2982783 (Bankr. E.D. Tex. Sept. 11, 2009) (ruling on the validity of a lien <u>granted by the debtor</u> to the lender based on the lender's violation of Texas statutes and the Texas Constitution); *In re Buchholz,* 224 B.R. 13 (Bankr. D.N.J. 1998) (ruling that a lender's lien against the debtor's estate, based on a loan given <u>by the lender to the debtor</u>, was unsecured because it was defectively acknowledged in violation of the New Jersey recording statute); *In re Carter,* 177 B.R. 951 (N.D. Okla. 1994) (invalidating a security interest granted to a lender <u>by the debtors</u> based on the debtors' economic duress, *i.e.,* not the duress of third parties), *aff'd* 45 F.3d 439 (10th Cir. 1994); *In re IMFC Fin. Corp.,* 11 B.R. 874, 876 (Bankr. S.D. N.Y. 1981) (involving a bankruptcy trustee's challenge to the *debtor's* authority to enter into a pre-petition transaction to invalidate the debtor's pre-petition transaction).

Fla. Stat. § 695.01(1). The parties do not dispute that the Debtor had actual or constructive notice of the Mortgage Modification, which was recorded in the Public Records of Miami-Dade County, Florida on April 29, 2010, before the Debtor subsequently took title on January 5, 2011 and commenced its Bankruptcy Case on August 4, 2011. *In re Gunn*, 2005 WL 2445909 at *4 ("Constructive notice is notice of all claims which are revealed by the public records."). Under Florida law, the Debtor is a purchaser of property with notice of a prior recorded mortgage; consequently, it is prohibited from challenging the enforceability of the Mortgage Modification. *Spinney v. Winter Park Bldg. & Loan Ass'n.*, 162 So. 899 (Fla. 1935) (affirming trial court order dismissing purchaser's complaint challenging a prior mortgage as usurious); *Eurovest, Ltd. v. Segall*, 528 So. 2d 482 (Fla. 3$^d$ DCA 1988) (reversing trial court judgment allowing purchaser to challenge a mortgage as a scam, lacking consideration or as a fraudulent conveyance); *Nesbitt v. Citicorp Savings of Fla.,* 514 So. 2d 371 (Fla. 3$^d$ DCA 1987) (affirming trial court summary judgment of foreclosure over the purchaser's objection based on the mortgage being usurious). While BB&T's position is supported by the case law, which precludes attacking such mortgage on the basis of *inter alia* usury, scam or fraud, the Court believes that challenges to such a mortgage may be persuasive if they were based upon the mortgage having been paid in part or in full or if the mortgage was a forgery or wild instrument. However, this is not the case before the Court. The Court believes the facts of this case are akin to the facts in the case law cited and agrees with the reasoning of those cases that the Debtor may not invalidate the mortgage.

Although the Debtor is not a party to the Forbearance Agreement and Mortgage Modification, it claims that the documents are not binding on Palm Lake, and consequently the Debtor as a successor-in-interest of the Palm Lake Mobile Home Park, because Palm Lake's conduct in entering into the documents was *ultra vires*. In addition to being barred from asserting this claim under the Bankruptcy Code and under Florida law, as a result of being a

purchaser with notice of the Mortgage Modification, the Debtor's claim is also barred under Florida corporate law, which sets forth the parameters for standing to challenge corporate acts as *ultra vires*. Specifically, section 607.0304, Florida Statutes, provides that the validity of a corporate act may only be challenged as *ultra vires* by: (i) a shareholder seeking to enjoin a corporate act; (ii) a legal representative of a corporation, directly or derivatively, in a proceeding against an officer, employee or agent of the corporation; and (iii) by the Attorney General in a proceeding to dissolve the corporation or enjoin it from engaging in unauthorized business. Fla. Stat. § 607.0304. Here, it is undisputed that the Debtor is/was not a shareholder or a representative of Palm Lake. Consequently, it does not have standing to claim that Palm Lake's conduct was *ultra vires.*

The Debtor's claim that the Mortgage Modification is unenforceable against the Debtor based on Palm Lake's lack of corporate authority under Section 5 of the Palm Lake Agreement fails as a matter of law. It is therefore

ORDERED AND ADJUDGED that BB&T's Motion for Summary Judgment as to Counts IV and V of Debtor's Complaint is GRANTED, the Debtor's Motion for Summary Judgment as to Counts IV and V of its Complaint is DENIED, and Counts IV and V of Debtor's Complaint are dismissed with prejudice. The Court will enter a separate judgment consistent with this Memorandum Decision.

###

Order Submitted by:
Thomas R. Lehman, P.A.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
Miami Center – 34th Floor
201 South Biscayne Blvd.
Miami, Florida 33131
Tel: (305) 722-8996

Copies to:
Thomas R. Lehman, P.A. (Attorney Lehman shall serve a copy of this Order on all parties in interest and file a Certificate of Service reflecting same.)